UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
THERESA REED,

                            Plaintiff,

            -against-

GARDEN CITY UNION FREE SCHOOL
DISTRICT, DAVID PERROTTA, NANINE
CUTTITTA and KEVIN STEINGRUEBNER
(in their official and individual capacities
pursuant to NYEL 290 et seq.),

                         Defendants.
--------------------------------------------------------------X

                              12-CV-4195 (LDW)(GRB)

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS</u>

**SOKOLOFF STERN LLP**
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, NY  11514
(516) 334-4500
File No. 110075

*Of counsel:*
  Adam I. Kleinberg
  Melissa L. Holtzer

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT .................................................................................................................... 6

    POINT I ...................................................................................................................... 6

PLAINTIFF'S § 1983 CLAIMS SHOULD BE DISMISSED

    POINT II ................................................................................................................... 10

THE INDIVIDUAL DEFENDANTS SHOULD BE AFFORDED TO QUALIFIED IMMUNITY

    POINT III .................................................................................................................. 12

PLAINTIFF'S STATE LAW CLAIMS ARE TIME BARRED

    POINT IV .................................................................................................................. 13

THE INDIVIDUAL DEFENDANTS ARE NOT LIABLE UNDER THE NYSHRL

A.  THE INDIVIDUAL DEFENDANTS ARE NOT "EMPLOYERS" ........................................ 13

B.  CUTTITTA DID NOT AID OR ABET UNLAWFUL DISCRIMINATION ............................. 14

    POINT V .................................................................................................................... 16

PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

CONCLUSION ................................................................................................................. 17

i

<u>Table of Authorities</u>

**Cases**

Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.,
  No. 01 Civ. 10859 (CM), 2002 WL 1354711 (S.D.N.Y. June 21, 2002) ................................. 9

Alhmeyer v. Nevada System of Higher Educ.,
  555 F.3d 1051 (9th Cir. 2009) ..................................................................................................... 7

Amorosi v. South Colonie Independent Cent. School Dist.,
  9 N.Y.3d 367 (2007) ................................................................................................................... 12

Anderson v. Recore,
  317 F.3d 194 (2d Cir. 2003) ....................................................................................................... 10

Assoko v. City of New York,
  539 F. Supp. 2d 728 (S.D.N.Y. 2008) ......................................................................................... 8

Ayazi v. New York City Dept. of Educ.,
  2012 WL 4503257 (S.D.N.Y. Sept. 28, 2012) .......................................................................... 12

Baroor v. New York City Dept. of Educ.,
  2009 WL 959537 (E.D.N.Y. Apr. 3, 2009) ................................................................................ 12

Boykin v. Mora,
  274 A.D.2d 441 (2d Dept. 2000) ................................................................................................ 16

Brennan v. City of White Plains,
  67 F. Supp. 2d 362 (S.D.N.Y. 1999) .......................................................................................... 16

Burlington Industries, Inc. v. Ellerth,
  524 U.S. 742, 118 S.Ct. 2257 (1998) ......................................................................................... 14

Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.,
  307 F. App'x. 596  (2d Cir. 2009) ................................................................................................ 6

Chennareddy v. Bowsher,
  935 F.2d 315 (D.C. Cir. 1991) ..................................................................................................... 7

Cherry v. Toussaint,
  50 F. App'x 476, 477 (2d Cir. 2002) ...................................................................................... 8, 10

City of Newport v. Fact Concerts, Inc.,
  453 U.S. 247 (1981) .................................................................................................................... 16

Connick v. Myers,
   461 U.S. 138 (1983) ......................................................................................9

Costabile v. Cnty. of Westchester, N.Y,
   485 F. Supp. 2d 424 (S.D.N.Y. 2007) ...........................................................8

Dumont v. Admin. Officer,
   915 F. Supp. 671 (S.D.N.Y. 1996) ................................................................9

Duviella v. Counseling Service of Eastern Dist. of New York,
   2001 WL 1776158 (E.D.N.Y. Nov. 20, 2001) .............................................13

Ehrlich v. Town of Glastonbury,
   348 F.3d 48 (2d Cir. 2003) ..........................................................................16

Emmons v. City University of New York,
   715 F.Supp.2d 394 (E.D.N.Y. 2010) ...........................................................14

Engquist v. Or. Dep't of Agric.,
   553 U.S. 591, 604 (2008) ........................................................................9, 11

Fischer v. NYC Dept. of Educ.,
   666 F.Supp.2d 309 (E.D.N.Y. 2009) ...........................................................12

Francis v. Coughlin,
   891 F.2d 43 (2d Cir. 1989) ..........................................................................10

Gorokhovsky v. City of New York,
   No. 10 Civ. 8848 (LBS), 2011 WL 2019423 (S.D.N.Y. May 19, 2011) ........6

Gregory v. Ashcroft,
   501 U.S. 452 (1991) ......................................................................................8

Harlow v. Fitzgerald,
   457 U.S. 800 (1982) ....................................................................................10

Healy v. AIG Technical Serv., Inc.,
   No. 00CIV3419 (GBD), 2001 WL 336976 (S.D.N.Y. Jan. 10, 2001) ...........8

Hrisinko v. N.Y.C. Dep't of Educ.,
   369 F. App'x 232 (2d Cir. 2010) ...................................................................6

Ivani Contr. Corp. v. City of New York,
   103 F.3d 257 (2d Cir. 1997) ........................................................................16

iii

Johnson v. Al Tech Specialties Steel Corp.,
    731 F.2d 143 (2d Cir. 1984) ...............................................................................16

Johnson v. Lefkowitz,
    566 F.2d 866 (2d Cir. 1977) .................................................................................9

Jungels v. State Univ. Coll. of N.Y.,
    922 F. Supp. 779 (W.D.N.Y. 1996)..................................................................8, 11

Lafleur v. Texas Dept. of Health,
    126 F.3d 758 (5th Cir. 1997) ................................................................................7

Maher v. Alliance Mortg. Banking Corp.,
    650 F.Supp.2d 249 (E.D.N.Y. 2009) ..................................................................13

Manzi v. DiCarlo,
    62 F. Supp. 2d 780 (E.D.N.Y. 1999) ....................................................................9

Martin v. Chem. Bank,
    129 F.3d 114 (2d Cir. 1997) ............................................................................8, 11

Mass. Bd. of Ret. v. Murgia,
    427 U.S. 307 (1976) ..............................................................................................8

Mathie v. Fries,
    121 F.3d 808 (2d Cir. 1997) ...............................................................................16

Melendez v. Bd. of Educ. of Yonkers City Sch. Dist.,
    34 A.D.3d 814, 828 N.Y.S.2d 67 (2d Dep't 2006)..............................................13

Middlesex County Sewerage Authority v. National Sea Clammers,
    453 U.S. 1, 101 S.Ct. 2615 (1981) .......................................................................7

Miotto v. Yonkers Public Schools,
    534 F.Supp.2d 422 (S.D.N.Y. 2008) .............................................................13, 14

Mitchell v. Chao,
    358 F.Supp.2d 106 (N.D.N.Y. 2005) ...................................................................7

Mitchell v. Forsyth,
    472 U.S. 511 (1985) ............................................................................................10

N.Y. 10-13 Ass'n v. City of New York,
    No. 98 CIV. 1425 (JGK), 1999 WL 177442 (S.D.N.Y. Mar. 30, 1999) ...............9

Pappas v. N.Y.C. Bd. of Educ.,
   No. 07-CV-4312 (FB) (MDG), 2011 WL 128509 (E.D.N.Y. Jan. 14, 2011) ............................6

Paterson v. Weinberger,
   644 F.2d 521 (5th Cir. 1981) ...................................................................................................7

Patrowich v. Chemical Bank,
   63 N.Y.2d 541 (1984)............................................................................................................13

Pearson v. Callahan,
   129 S.Ct. 808 (2009 ...............................................................................................................10

Preiser v. Rodriguez,
   411 U.S. 475, 93 S.Ct. 1827 (1973) .........................................................................................7

Purdy v. Town of Greenburgh,
   166 F. Supp. 2d 850 (S.D.N.Y. 2001) ................................................................................8, 11

Purtill v. Harris,
   658 F.2d 134 (3d Cir. 1981), cert den. 462 U.S. 1131, 103 S.Ct. 3110 (1983)........................7

Reale v. Jenkins,
   1993 WL 37091 (S.D.N.Y. Feb. 4, 1993) .................................................................................7

Reid v. Ingerman Smith LLP,
   876 F.Supp.2d 176 (E.D.N.Y. 2012) ......................................................................................13

Rosenberg v. City of New York,
   2011 WL 4592803 (E.D.N.Y. Sept. 30, 2011) .......................................................................12

Ruston v. Town of Skaneateles,
   610 F.3d 55 (2d Cir. 2010) .......................................................................................................8

Saulpaugh v. Monroe Cmty. Hosp.,
   4 F.3d 134 (2d Cir. 1993) ...................................................................................................8, 11

Shapiro v. N.Y.C. Dep't of Educ.,
   561 F. Supp. 2d 413 (S.D.N.Y. 2008) .................................................................................8, 11

Sharapata v. Town of Islip,
   56 N.Y.2d 332 (1982)............................................................................................................16

Smith v. Wade,
   461 U.S. 30 (1983) ................................................................................................................16

v

Sotomayor v. City of New York,
2012 WL 1889780 (E.D.N.Y. May 24, 2012) ........................................................12

Stevens v. New York,
691 F. Supp. 2d 392 (S.D.N.Y. 2009) ..................................................................11

Tapia-Tapia v. Potter,
322 F.3d 742 (1st Cir. 2003) ................................................................................7

Thoreson v. Penthouse Int'l, Ltd.,
80 N.Y.2d 490 (1992) ..........................................................................................16

Tomici v. New York City Dept. of Educ.,
2012 WL 6608510 (E.D.N.Y. Dec. 19, 2012) ......................................................12

Tomka v. Seiler Corp.,
66 F.3d 1295 (2d Cir. 1995) ................................................................................14

Tranello v. Frey,
758 F.Supp. 841 (W.D.N.Y. 1991) ........................................................................7

Trovato v. Air Express Intl.,
238 A.D.2d 333, 655 N.Y.S.2d 656 (2d Dep't 1997) ............................................14

U.S. v. Spadaccino,
800 F.2d 292 (2d Cir. 1986) ................................................................................14

Vance v. Bradley,
440 U.S. 93 (1979) ................................................................................................8

Vill. of Willowbrook v. Olech,
528 U.S. 562 (2000) ..............................................................................................8

Walter v. Hamburg Central School Dist.,
2007 WL 1480965 (W.D.N.Y. May 18, 2007) ......................................................14

Westbrook v. City University of New York,
591 F.Supp.2d 207 (E.D.N.Y. 2008) ....................................................................14

Zombro v. Baltimore City Police Dept.,
868 F.2d 1364 (4th Cir.1989), cert den. 493 U.S. 147, 110 S.Ct. 147 (1989) ..........6, 7

Statutes

42 U.S.C. § 1983 ........................................................................................................1

Fed. R. Civ. P. 12(b)(6) ................................................................................................................2

N.Y. Education Law §2554 .........................................................................................................13

N.Y. Education Law §3813 .........................................................................................................12

Executive Law §292 ...................................................................................................................13

N.Y. Executive Law §296 ..........................................................................................................14

## PRELIMINARY STATEMENT

Plaintiff's Equal Protection claim is entirely duplicative of her age discrimination claim asserted under the Age Discrimination in Employment Act ("ADEA").  Most circuit courts have already prohibited age discrimination plaintiffs from duplicating their ADEA claims by simultaneously asserting an Equal Protection claim under 42 U.S.C. § 1983.  This is because § 1983 claims must be based on rights distinct from the ADEA.  Plaintiffs should not be permitted to circumvent the ADEA's comprehensive remedial scheme.

The individual defendants should be afforded qualified immunity because it is not clearly established in the Second Circuit that violations of the ADEA could expose them to § 1983 liability.  In fact, it is clearly established in the Second Circuit that individuals cannot be held liable under the ADEA.  Allowing concurrent § 1983 and ADEA claims to proceed against the individual defendants would contravene this well-established limit on liability.  Plaintiff's equal protection claim against the individual defendants should be dismissed as a matter of law.

Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") should also be dismissed.  It is well-settled that NYSHRL claims against school districts are subject to a one year statute of limitations.  More than one year passed between plaintiff's termination and her commencement of this action.  Moreover, plaintiff cannot demonstrate that the individual defendants are "employers" for the purposes of the NYSHRL.  The complaint barely references defendant Nanine Cuttitta, and does not sufficiently allege that Cuttitta aided and abetted the alleged discrimination.

The Court should dismiss plaintiff's § 1983 claims and NYSHRL claims.

## STATEMENT OF FACTS[1]

Plaintiff began working as a hall monitor for the District's high school in or about September 2006.  (Ex. A, Compl. ¶54-55.)  Plaintiff became the oldest hall monitor in or about 2009.  (Ex. A, Compl. ¶58.)  Then-principal Jim Curran and defendant David Perrotta interviewed plaintiff for the hall monitor position.  (Ex. A, Compl. ¶65.)  At the interview, plaintiff complained that her current job required her to work outside, and that she did not like working outside.  (Ex. A, Compl. ¶69.)  Mr. Curran told plaintiff that she would not have to work outside.  (Ex. A, Compl. ¶70.)

On plaintiff's first day of work, Mr. Perrotta assigned plaintiff to patrol the school's parking lot.  (Ex. A, Compl. ¶76.)  The other younger hall monitors had indoor posts.  (Ex. A, Compl. ¶78.)  Plaintiff complained about having to work outside, but Mr. Perrotta ignored her.  (Ex. A, Compl. ¶82-83.)  Plaintiff also complained to Mr. Curran's successor, Dr. Frank Banta, about having to work outside.  (Ex. A, Compl. ¶100.)  Dr. Banta told plaintiff that her assignment would remain the same, and that she could "take it or leave it."  (Ex. A, Compl. ¶118-119.)

On or about March 26, 2007, Mr. Perrotta asked plaintiff to sit at the visitor sign in desk, but twenty minutes later, he angrily told her to get back to the parking lot.  (Ex. A, Compl. ¶103-105.)

---

[1] Defendants must accept the facts set forth in plaintiff's Complaint for purposes of this motion, as required by Fed. R. Civ. P. 12(b)(6).

In March 2007, plaintiff approached Mr. Perrotta about a student who was putting pornographic pictures on the windshields of vehicles in the parking lot.  (Ex. A, Compl. ¶112.)  Mr. Perrotta yelled at her and then ran out into the parking lot.  (Ex. A, Compl. ¶113-114.)

On September 15, 2008, plaintiff saw a social studies teacher leave the doors to the social studies wing open.  (Ex. A, Compl. ¶123.)  Mr. Perrotta blamed plaintiff for the doors being left open.  (Ex. A, Compl. ¶127.)

Defendant Nanine Cuttitta became principal during the 2008-2009 school year.  (Ex. A, Compl. ¶130.)  Plaintiff complained to Ms. Cuttitta about having to work outside.  (Ex. A, Compl. ¶132.)  Another hall monitor, Daryl Wolf, yelled at plaintiff because the other hall monitors would now have to work outside.  (Ex. A, Compl. ¶134-137.)  Plaintiff reported Mr. Wolf's conduct to Mr. Perrotta, but Mr. Perrotta did not take any action against Mr. Wolf.  (Ex. A, Compl. ¶140-144.)

In 2009, Mr. Perrotta assigned plaintiff to stay in the auditorium during the school's Spring Concert Rehearsal.  (Ex. A, Compl. ¶149-150.)  A student fainted in the hallway during the rehearsal.  (Ex. A, Compl. ¶151.)  Mr. Perrotta blamed plaintiff for this incident.  (Ex. A, Compl. ¶153.)

At the start of the 2009 school year, Mr. Perrotta advised plaintiff that she would be assigned to help a student who was in a wheelchair.  (Ex. A, Compl. ¶156.)  In 2010, Mr. Perrotta assigned plaintiff to assist a student who had a disability.  (Ex. A, Compl. ¶158.)  Plaintiff was to help this student get to and from class. (Ex. A, Compl. ¶159.)  Plaintiff asked a co-worker to cover her because plaintiff needed to use the restroom.  (Ex. A, Compl. ¶161.)  This co-worker complained to Mr. Perrotta.  (Ex. A, Compl. ¶162.)

Mr. Perrotta screamed at plaintiff. (Ex. A, Compl. ¶162.) He then called defendant Kevin Steingruebner, and the two proceeded to scream at plaintiff. (Ex. A, Compl. ¶163-164.) They would not let plaintiff explain herself. (Ex. A, Compl. ¶167.)

On one occasion, plaintiff reported that the special needs student whom she was assisting needed medical attention. (Ex. A, Compl. ¶172.) Mr. Perrotta and Mr. Steingruebner reported to the scene. (Ex. A, Compl. ¶172.) They told plaintiff to stay where she was, and had other hall monitors escort the student to the nurse's office. (Ex. A, Compl. ¶172.) In fact, the defendants depended on plaintiff's co-workers for assistance in times of emergencies, but did not rely on plaintiff. (Ex. A, Compl. ¶174.)

On January 7, 2011, plaintiff slipped and fell on ice. (Ex. A, Compl. ¶175.) While plaintiff was at the nurse's office, she overheard Ms. Cuttitta say "If I fall on ice, do I get to go home for the day too?" (Ex. A, Compl. ¶178.) Plaintiff later submitted a doctor's note to Ms. Cuttitta, but Ms. Cuttitta could not read plaintiff's doctor's handwriting. (Ex. A, Compl. ¶180-181.)

On January 20, 2011, plaintiff went to the nurse's office to see if she could assist with a medical emergency that was in progress. (Ex. A, Compl. ¶184.) Mr. Perrotta told her to "keep walking" and called for the assistance of any other hall monitors. (Ex. A, Compl. ¶185.) A similar incident occurred on May 12, 2011. (Ex. A, Compl. ¶189-191.)

On May 12, 2011, Mr. Steingruebner called plaintiff into his office. (Ex. A, Compl. ¶192.) Mr. Steingruebner told plaintiff that a teacher reported having overheard plaintiff saying "fuck you David Perrotta" while in the hallway. (Ex. A, Compl. ¶192.) Plaintiff denied making that statement and asked Mr. Steingruebner who made this allegation. (Ex. A, Compl. ¶193.) Mr. Steingruebner would not tell her. (Ex. A, Compl. ¶193.) Instead, Mr. Steingruebner asked

4

plaintiff how many years she had left with the District.  (Ex. A, Compl. ¶196.)  Plaintiff was not allowed to work at the Spring Fling Dance because of this allegation.  (Ex. A, Compl. ¶200.)

Plaintiff prepared a formal complaint against Mr. Steingruebner.  (Ex. A, Compl. ¶204.) Plaintiff told her union representative, Pat Dino, she planned to file this complaint.  (Ex. A, Compl. ¶205.)  Ms. Dino told plaintiff to put the complaint in Mr. Steingruebner's mail slot. (Ex. A, Compl. ¶206.)

About one week later, Ms. Cuttitta's secretary delivered plaintiff's performance review to plaintiff.  (Ex. A, Compl. ¶207.)  This was the first negative evaluation that plaintiff had received from the District.  (Ex. A, Compl. ¶207.)

In June 2011, plaintiff worked the school's Parent Skit Night.  (Ex. A, Compl. ¶210-211.) Mr. Perrotta told plaintiff not to let parents or students enter the building through the cafeteria. (Ex. A, Compl. ¶212.)  Plaintiff allowed a parent to enter through the cafeteria.  (Ex. A, Compl. ¶213-215.)  Mr. Perrotta told plaintiff "Hey Theresa, so much for security, why not let the entire building in, and by the way, get down to my office now."  (Ex. A, Compl. ¶216.)

On Monday, June 26, 2011, plaintiff attended a meeting with Ms. Cuttitta, Al Chase (the District's Assistant Superintendent for Business and Finance) and Heidi Horn, a union representative.  (Ex. A, Compl. ¶225.)  Plaintiff was given an envelope that contained a letter advising her that her employment has been terminated.  (Ex. A, Compl. ¶226.)  Plaintiff was not given the opportunity to speak.  (Ex. A, Compl. ¶227.)  Ms. Cuttitta said that all plaintiff does is complain.  (Ex. A, Compl. ¶228.)  Ms. Horn asked if plaintiff could be transferred to another school.  (Ex. A, Compl. ¶229.)  Mr. Chase responded "absolutely not."  (Ex. A, Compl. ¶229.)

## ARGUMENT
## POINT I
### PLAINTIFF'S § 1983 CLAIMS SHOULD BE DISMISSED

Plaintiff's § 1983 claims are premised upon age-based equal protection violations.  Such claims are nothing more than impermissible attempts to gain advantages not available under the ADEA.  Plaintiff's equal protection claim is entirely duplicative of her ADEA claim.  Plaintiff's sole purpose in bringing the § 1983 claims is to avoid the ADEA's prohibition against individual liability.  This attempt should not be allowed.

The Second Circuit has not yet ruled on this issue.  See Hrisinko v. N.Y.C. Dep't of Educ., 369 F. App'x 232, 234 n.2 (2d Cir. 2010) (declining to reach the issue because it was not raised on appeal); see also Butts v. N.Y.C. Dep't of Hous. Pres. & Dev., 307 F. App'x. 596, 598 n.1  (2d Cir. 2009) ("We are aware of no opinion of this Court addressing whether the ADEA preempts age discrimination claims based on a violation of the Equal Protection Clause and brought under 1983.  We decline to address this issue here because Plaintiff's claim fails on other grounds."); Gorokhovsky v. City of New York, No. 10 Civ. 8848 (LBS), 2011 WL 2019423, at *10 n.10 (S.D.N.Y. May 19, 2011) ("Whether the ADEA preempts age discrimination claims brought under § 1983 remains an open question in the Second Circuit."); Pappas v. N.Y.C. Bd. of Educ., No. 07-CV-4312 (FB) (MDG), 2011 WL 128509, at *1 (E.D.N.Y. Jan. 14, 2011) ("Whether age discrimination claims can be brought under § 1983 alone, or whether those claims are preempted by the Age Discrimination in Employment Act ("ADEA") remains an open question").

Most of the circuit courts that have considered the issue have ruled that the ADEA is the exclusive remedy.  See Zombro v. Baltimore City Police Dept., 868 F.2d 1364 (4th Cir.1989), cert den. 493 U.S. 147, 110 S.Ct. 147 (1989); Lafleur v. Texas Dept. of Health, 126 F.3d 758,

760 (5th Cir. 1997); Purtill v. Harris, 658 F.2d 134, 137 (3d Cir. 1981), cert den. 462 U.S. 1131, 103 S.Ct. 3110 (1983); Paterson v. Weinberger, 644 F.2d 521 (5th Cir. 1981); Alhmeyer v. Nevada System of Higher Educ., 555 F.3d 1051 (9th Cir. 2009); Tapia-Tapia v. Potter, 322 F.3d 742 (1st Cir. 2003); Chennareddy v. Bowsher, 935 F.2d 315, 319 (D.C. Cir. 1991).   Several district courts in this Circuit have also so held.   Mitchell v. Chao, 358 F.Supp.2d 106, 112 (N.D.N.Y. 2005); Reale v. Jenkins, 1993 WL 37091 at *4 (S.D.N.Y. Feb. 4, 1993); Tranello v. Frey, 758 F.Supp. 841, fn. 3 (W.D.N.Y. 1991).

In Zombro, the Fourth Circuit ruled that "to allow [age discrimination actions under § 1983] would only circumvent the obvious congressional mandate" set forth in the ADEA.   Id, 868 F.2d at 1369.   The Zombro court further ruled that "it is implausible that Congress would have intended to preserve the private cause of action under § 1983 for age discrimination when that cause of action would severely undermine, if not debilitate, the enforcement mechanism created by Congress under the ADEA."   Id, 868 at 1369.   The ADEA includes a "comprehensively remedial statutory scheme" that precludes "the vindication of constitutional rights through § 1983."   Alhmeyer, 555 F.3d at 1058 (citing Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827 (1973)).   Courts have thus concluded that "the comprehensive remedial scheme of the ADEA demonstrates that Congress intended the ADEA to serve as the exclusive means for pursuing claims of age discrimination in employment."   Alhmeyer, 555 F.3d at 1058. The courts in this circuit followed the reasoning that "in enacting the comprehensive ADEA, Congress specifically intended it to be the sole federal remedy for age discrimination."   Reale, 1993 WL 37091 at *4 (citing Middlesex County Sewerage Authority v. National Sea Clammers, 453 U.S. 1, 101 S.Ct. 2615 (1981)).

7

In similar fashion, plaintiff's § 1983 claims before this Court should be dismissed. The sole basis of plaintiff's § 1983 claims is that she alleges to have been treated differently than younger employees. This is identical to her ADEA claim. Nothing distinct is alleged or could be alleged.

Notably, those courts that have permitted tandem ADEA and § 1983 claims have held that the § 1983 claim must be based on substantive rights <u>distinct</u> from those established under the ADEA. <u>See</u> <u>Shapiro v. N.Y.C. Dep't of Educ.</u>, 561 F. Supp. 2d 413, 420 (S.D.N.Y. 2008) (<u>citing</u> <u>Saulpaugh v. Monroe Cmty. Hosp.</u>, 4 F.3d 134, 143 (2d Cir. 1993)); <u>Purdy v. Town of Greenburgh</u>, 166 F. Supp. 2d 850, 868 (S.D.N.Y. 2001); <u>Jungels v. State Univ. Coll. of N.Y.</u>, 922 F. Supp. 779, 785 (W.D.N.Y. 1996). This is because a plaintiff may not use § 1983 to gain advantages not available under the ADEA, such as individual liability.[2] <u>Saulpaugh</u>, 4 F.3d at 143. Therefore, plaintiff's § 1983 claims should be dismissed.

Further, a § 1983 age-based equal protection claim is also prohibited as an impermissible "class of one" claim. Equal protection claims based upon non-suspect classifications have been dubbed "class-of-one" claims. <u>See</u> <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (<u>per curiam</u>); <u>Ruston v. Town of Skaneateles</u>, 610 F.3d 55, 58 (2d Cir. 2010); <u>Assoko v. City of New York</u>, 539 F. Supp. 2d 728, 734-35 (S.D.N.Y. 2008); <u>Costabile v. Cnty. of Westchester, N.Y</u>, 485 F. Supp. 2d 424, 433 (S.D.N.Y. 2007). It is well settled that age is not a suspect class and the Equal Protection Clause requires only a rational basis for discrimination on the basis of age. <u>See, e.g.</u>, <u>Gregory v. Ashcroft</u>, 501 U.S. 452, 470 (1991); <u>Vance v. Bradley</u>, 440 U.S. 93, 97 (1979); <u>Mass. Bd. of Ret. v. Murgia</u>, 427 U.S. 307, 313-14 (1976); <u>Johnson v. Lefkowitz</u>, 566

---

[2] The ADEA precludes individual liability. <u>Cherry v. Toussaint</u>, 50 F. App'x 476, 477 (2d Cir. 2002); <u>Martin v. Chem. Bank</u>, 129 F.3d 114, 117 (2d Cir. 1997); <u>Healy v. AIG Technical Serv., Inc.</u>, No. 00CIV3419 (GBD), 2001 WL 336976, at *1 (S.D.N.Y. Jan. 10, 2001)

F.2d 866, 869 (2d Cir. 1977); Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist., No. 01 Civ. 10859 (CM), 2002 WL 1354711, at *11 (S.D.N.Y. June 21, 2002); N.Y. 10-13 Ass'n v. City of New York, No. 98 CIV. 1425 (JGK), 1999 WL 177442, at *13 (S.D.N.Y. Mar. 30, 1999); Dumont v. Admin. Officer, 915 F. Supp. 671, 673 (S.D.N.Y. 1996); Manzi v. DiCarlo, 62 F. Supp. 2d 780, 795 (E.D.N.Y. 1999).  Thus, an age-based equal protection claim is really a class of one claim.

In Engquist, the U.S. Supreme Court noted that public employers have discretion in making employment decisions which are "quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify."  Engquist v. Or. Dep't of Agric., 553 U.S. 591, 604 (2008).  Indeed, "treating seemingly similarly situated individuals differently in the employment context is par for the course."  Id.  As such, the Court recognized that "the class-of-one theory of equal protection – which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review – is simply a poor fit in the public employment context."  Id. at 605.

The Supreme Court observed that treating public employees differently "is not to classify them in a way that raises equal protection concerns.  Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship."  Id.  The Court determined that "ratifying a class-of-one theory of equal protection in the context of public employment would impermissibly constitutionalize the employee grievance."  Id. at 609 (quoting Connick v. Myers, 461 U.S. 138, 154 (1983)) (internal quotation marks omitted).  Accordingly, the Court outlawed such claims holding that "a 'class-of-one' theory of equal protection has no place in the public employment context."  Id. at 594.

9

Plaintiff was a public employee.  Her equal protection claim is not based on any suspect classification and is subject to rational basis review.  Thus, her claim is, in essence, a class of one equal protection claim, which has been banned by the Supreme Court.  Therefore, § 1983 claims should be dismissed as a matter of law.

## POINT II

### THE INDIVIDUAL DEFENDANTS SHOULD BE AFFORDED TO QUALIFIED IMMUNITY

As a threshold matter, it is axiomatic that qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

Qualified immunity shields public officials from liability in civil suit where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S.Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A public official is entitled to qualified immunity where "clearly established law does not show" that the plaintiff's constitutional rights were violated. Pearson, 129 S.Ct. at 822.

Until the United States Supreme Court or Second Circuit address this issue, plaintiff should not be allowed to bring concurrent ADEA claims against the District and 1983 claims against the individuals in order to get around the ADEA's prohibition on individual liability. See Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003) (explaining that in evaluating whether a right is clearly established, the Court must look to the relevant decisions of the Supreme Court and Second Circuit); Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir. 1989) (noting that a right is only clearly established if the decisional law of the Supreme Court or the appropriate Circuit court has clearly established the right in question); Cherry v. Toussaint, 50 F. App'x 476, 477

(2d Cir. 2002); <u>Martin v. Chem. Bank</u>, 129 F.3d 114, 117 (2d Cir. 1997).   Accordingly, immunity is warranted.

Even if this Court allows plaintiff to proceed with the paired ADEA/§ 1983 claims, the individuals should be found immune as the § 1983 claim is based on violations of the ADEA.  It is not clearly established that a defendant runs afoul of § 1983 solely by violating the ADEA.  To the contrary, by the time of plaintiff's termination it had been well established that § 1983 claims could not be based on ADEA violations, but had to be based on substantive rights distinct from the ADEA.  <u>See</u> <u>Saulpaugh</u>, 4 F.3d at 143; <u>Shapiro</u>, 561 F. Supp. 2d at 420; <u>Purdy</u>, 166 F. Supp. 2d at 868; <u>Jungels</u>, 922 F. Supp. at 785.

Further, the individuals are also immune from plaintiff's equal protection claim because it is not clearly established that a public employer violates the Equal Protection Clause by basing employment decisions on non-suspect classifications.  Rather, the Supreme Court has repeatedly held that age is not a suspect class and that a public employer does not violate equal protection when it treats its employees differently for non-suspect reasons.  <u>Engquist</u>, 553 U.S. at 605.  Therefore, if the Court allows such claims to proceed, the individuals should be granted immunity.

Since "asserting a claim against an employee in his or her official capacity is equivalent to asserting a claim against the municipality itself," there is no reason for keeping the individuals in this action in any capacity.[3]  <u>Stevens v. New York</u>, 691 F. Supp. 2d 392, 400 (S.D.N.Y. 2009).

---

[3] As discussed below, the state law claims should also be dismissed against the individuals.

## POINT III

## PLAINTIFF'S STATE LAW CLAIMS ARE TIME BARRED

N.Y. Education Law §3813 provides that claims against school districts and their officers must be brought within one year.  In <u>Amorosi v. South Colonie Independent Cent. School Dist.</u>, 9 N.Y.3d 367, 373 (2007) the New York Court of Appeals ruled that this provision applies to discrimination claims against school districts.   Federal courts have looked to <u>Amorosi</u> as guidance.  <u>Tomici v. New York City Dept. of Educ.</u>, 2012 WL 6608510 at *12 (E.D.N.Y. Dec. 19, 2012);  <u>Sotomayor v. City of New York</u>, 2012 WL 1889780 at *16 (E.D.N.Y. May 24, 2012);  <u>Ayazi v. New York City Dept. of Educ.</u>, 2012 WL 4503257 at *8 (S.D.N.Y. Sept. 28, 2012);  <u>Rosenberg v. City of New York</u>, 2011 WL 4592803 at *15 (E.D.N.Y. Sept. 30, 2011);  <u>Baroor v. New York City Dept. of Educ.</u>, 2009 WL 959537 at *8 (E.D.N.Y. Apr. 3, 2009);  <u>Fischer v. NYC Dept. of Educ.</u>, 666 F.Supp.2d 309, 320 (E.D.N.Y. 2009).

Here, plaintiff alleges that the defendant school district terminated her employment on or about June 25, 2011.  (Complaint ¶10.)  She did not commence this action until August 22, 2012.  Since plaintiff did not commence this action within one year from when her New York State Human Rights Law ("NYSHRL") claims accrued, the claims should be time-barred and dismissed as a matter of law.

12

## POINT IV

### THE INDIVIDUAL DEFENDANTS ARE NOT LIABLE UNDER THE NYSHRL

Notwithstanding the complete procedural bar set forth in the preceding point, plaintiff cannot set forth an actionable NYSHRL claim against the individual defendants, as the individual defendants are not employers and the complaint does not permit a finding of aiding and abetting discrimination.

### A. THE INDIVIDUAL DEFENDANTS ARE NOT "EMPLOYERS"

Plaintiff alleges that defendants Perrotta, Cuttitta, and Steingruebner, the principal and assistant principals to whom she reported, were "employers" for the purposes of the NYSHRL. While Executive Law §292 does not provide a definition of an employer other than to exclude those who employ less than four individuals, the New York State Court of Appeals has ruled in Patrowich v. Chemical Bank, 63 N.Y.2d 541 (1984) that an employee who does not have an ownership interest in the corporate employer and only carries out "personnel decisions made by others" are not employers.  Courts in this District have followed Patrowich when determining whether an individual is an employer for the purposes of the NYSHRL.  Duviella v. Counseling Service of Eastern Dist. of New York, 2001 WL 1776158 at *17 (E.D.N.Y. Nov. 20, 2001); Maher v. Alliance Mortg. Banking Corp., 650 F.Supp.2d 249, 260 (E.D.N.Y. 2009); Reid v. Ingerman Smith LLP, 876 F.Supp.2d 176, 181 (E.D.N.Y. 2012).

N.Y. Education Law §2554(2) gives the Board of Education the authority to hire teachers.  "In the absence of a specific designation of the power to remove, the power to remove is a function of the power to appoint."  Miotto v. Yonkers Public Schools, 534 F.Supp.2d 422, 428 (S.D.N.Y. 2008) (quoting Melendez v. Bd. of Educ. of Yonkers City Sch. Dist., 34 A.D.3d 814, 828 N.Y.S.2d 67, 68 (2d Dep't 2006)).  Principals and assistant principals do not have the

13

authority to hire and fire employees.  Miotto, 534 F.Supp.2d at 428.  The fact that principals and assistant principals "have supervisory positions, and may advise the Board of Education in its personnel decisions, that is not enough to hold them liable under [N.Y. Executive Law] §296(1)."  Id, 534 F.Supp.2d at 428 (citing Walter v. Hamburg Central School Dist., 2007 WL 1480965 at *9 (W.D.N.Y. May 18, 2007).

The individual defendants here do not have the authority to hire or fire employees.  The fact they supervised plaintiff or evaluated her performance does not make them "employers" under the NYSHRL.  Miotto, 534 F.Supp.2d at 428; Westbrook v. City University of New York, 591 F.Supp.2d 207, 224 (E.D.N.Y. 2008).  Thus, the individual defendants may not be held liable as "employers."

### B. CUTTITTA DID NOT AID OR ABET UNLAWFUL DISCRIMINATION

Individuals may be held liable for "aiding and abetting" discrimination under the NYSHRL.  Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds by* Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257 (1998).[4]  Defendant Nanine Cuttitta may not be held liable under the NYSHRL.  To be found liable under §296, an individual must have "actually participated" in the alleged discrimination and "engaged in direct, purposeful participation."  Emmons v. City University of New York, 715 F.Supp.2d 394, 420 (E.D.N.Y. 2010) (internal citations omitted).

---

[4] The Appellate Division, Second Department, disagrees with Tomka.  In Trovato v. Air Express Intl., 238 A.D.2d 333, 334, 655 N.Y.S.2d 656 (2d Dep't 1997), the court ruled that to allow for individual liability under the NYSHRL for "aiding and abetting" is "to ignore the statutory and legal authority limiting the parties who may be sued for employment discrimination."  While a "state court's interpretation of its state legislature's intention is entitled to deference from the federal courts," U.S. v. Spadaccino, 800 F.2d 292, 296 (2d Cir. 1986), we acknowledge that Tomka is controlling law for the purposes of this motion.

Ms. Cuttita is barely referenced in the 23 pages of factual allegations in plaintiff's complaint.  Plaintiff alleges only that Ms. Cuttita is the principal of Garden City High School (Ex. A, Complaint, ¶130); that plaintiff told Ms. Cuttita that she is the only guard that works outside and asked if she could rotate with other guards (Ex. A, Complaint ¶131-132); that Ms. Cuttita mocked plaintiff for claiming to need to leave school after falling (Ex. A, Complaint ¶178); that Ms. Cuttita could not read plaintiff's doctor's note (Ex. A, Complaint ¶180-181) and that Ms. Cuttita told plaintiff that she complains too much (Ex. A, Complaint ¶228).

None of these allegations implicate plaintiff's age.  Instead, the allegations reflect that plaintiff and Ms. Cuttita had a discussion about plaintiff's job responsibilities, Ms. Cuttita may have thought plaintiff was a bit dramatic after falling, plaintiff's doctor has messy handwriting, and that Ms. Cuttita thinks plaintiff complains a lot.  Plaintiff does not allege any facts that implicate that Ms. Cuttita harbored any ill will towards plaintiff because of her age, or that Ms. Cuttita condoned the conduct of anyone who did harbor ill will towards plaintiff because of her age.  Since Ms. Cuttita neither directly participated in any discrimination against plaintiff, nor did she aid or abet anyone else who was discriminating against plaintiff, plaintiff's claim against her must be dismissed.

15

**POINT V**

**PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES**

Plaintiff has not alleged conduct sufficient to warrant punitive damages.  As a government entity, punitive damages may not be imposed on the District.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Ivani Contr. Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir. 1997); Sharapata v. Town of Islip, 56 N.Y.2d 332, 338-39 (1982).  Accordingly, the request for punitive damages against the District should be stricken.

Plaintiff's request for compensatory and punitive damages should also be stricken because such damages are not recoverable under the ADEA.  Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147-48 (2d Cir. 1984).  Punitive damages are also not recoverable under the NYSHRL.  Brennan v. City of White Plains, 67 F. Supp. 2d 362, 378 (S.D.N.Y. 1999) (citing Thoreson v. Penthouse Int'l, Ltd., 80 N.Y.2d 490, 499 (1992).

In § 1983 actions, a plaintiff must offer evidence that the defendant's conduct was driven "by evil motive or intent" or by "reckless or callous indifference" to the rights of others.  Ehrlich v. Town of Glastonbury, 348 F.3d 48, 52 (2d Cir. 2003) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)); see also Mathie v. Fries, 121 F.3d 808, 815 (2d Cir. 1997); Boykin v. Mora, 274 A.D.2d 441, 442 (2d Dept. 2000) ("Punitive damages are available to vindicate a public right only where the actions of the alleged tortfeasor constitute either gross recklessness or intentional, wanton, or malicious conduct aimed at the public generally, or were activated by evil or reprehensible motives.").  Plaintiff's allegations fall far short of this high standard.  Accordingly, plaintiff's request for punitive damages against the individuals should be stricken.

16

<u>**CONCLUSION**</u>

For all of the foregoing reasons, this Court should grant defendants' motion to dismiss plaintiff's § 1983 claims, NYSHRL, and punitive damage claims, with such other relief as to this Court deems just, proper and equitable.

Dated: Carle Place, New York
      March 7, 2013

SOKOLOFF STERN LLP
Attorneys for Defendants

_____
Adam I. Kleinberg
Melissa L. Holtzer
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
Our File No.: 110075

17